Ying Liu
Carolyn Shields
LIU & SHIELDS LLP
41-60 Main Street, Suite 208A
Flushing, New York 11355
Tel:  718-463-1868
shieldscj524@gmail.com
Attorneys for XIANDONG SHI, Plaintiff

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| XIANDONG SHI, | ) | |
| | ) | CASE NO. |
| Plaintiff, | ) | |
| | ) | |
| --against-- | ) | COMPLAINT AND |
| | ) | DEMAND FOR TRIAL BY JURY |
| YONGZE SONG, LIANHUA LI, | ) | |
| SSL TRANSPORTATION LLC, LINFENG SONG, | ) | |
| PHUOC VAN TRAN, LONGJIAN JIANG, | ) | |
| JIQUO WU, QIAO WEN WU, ZENGBIN YAO, | ) | |
| SHUMIN LIU, ZHEN LEI, XINBIN TIAN, | ) | |
| GUIZHEN WANG, | ) | |
| and DOE NUMBERS 1 THROUGH 10 | ) | |
| INCLUSIVE, Individuals or Entities, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Xiandong Shi ("hereinafter "Plaintiff") brings this Complaint for civil

violations of the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C.

§ 1962(c), 1962(d) ("RICO"), and for Interference with Contractual Relationship, Fraudulent

Concealment, An Accounting, Unjust Enrichment, and Fraud and Misrepresentation against

Defendants YONGZE SONG, LIANHUA LI, SSL TRANSPORTATION LLC, LINFENG

SONG, PHUOC VAN TRAN, LONGJIAN JIANG, JIQUO WU, QIAO WEN WU, ZENGBIN

YAO, SHUMIN LIU, ZHEN LEI, XINBIN TIAN, GUIZHEN WANG, and DOE NUMBERS 1

1

THROUGH 10, Individuals or Entities (collectively "Defendants"), and alleges as follows:

JURISDICTION AND VENUE

1.      This court has jurisdiction of this action under 18 U.S.C. § 1964, 28 U.S.C. § 1331, 28 U.S.C. § 1337, and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

2.      Venue is proper in this District and this court has personal jurisdiction over Defendants, pursuant to 18 U.S.C. § 1965(a) and 28 U.S.C. § 1391(b), because a substantial number of the acts and transactions complained of herein, including predicate acts under RICO and damages resulting from RICO violations, took place within this District, and because certain business transactions including RICO predicate acts took place in this District.  In the alternative, given that all Defendants reside in a district in the United States, 18 U.S.C. § 1965(b) allows suit in any judicial district of the United States.

3.      Exercise of jurisdiction over Defendant Song is reasonable and proper in this District because during times relevant to this lawsuit, Defendant Song committed unlawful acts in this District, and committed unlawful acts elsewhere that caused economic loss and other injury in this District.

RELEVANT TIMES

4.      As used herein, the phrase "at all relevant times" refers to and includes the period commencing on or about *November 2015*, and continuing to the *present*, as the period during which Defendants and each of them continuously engaged in the wrongful acts described herein. Plaintiff could not have discovered the injuries caused by the conduct of Defendants because of Defendants' wrongful concealment of facts material to asserting the claims alleged herein.

<u>PARTIES</u>

5.      *XianDong Shi* is a citizen of the State of New York, residing at 41-60 Main Street, #312, Flushing, Queens County, New York  11355, in this District.

6.      *Yongze Song* was an agent and partner of Plaintiff from 2015 to 2019.  From 2015 to 2019, *Yongze Song* was a citizen of the State of New York, residing in this District.  Upon information and belief, Yongze Song is at present a citizen of the State of California, residing at 1606 South Atlantic Blvd, Apt A, Alhambra, California 91803, and is a registered agent, chief executive officer, and/or a member of SSL TRANSPORTATION LLC.

7.      Upon information and belief, Defendant *Lianhua Li* is *Yongze Song*'s wife, is a citizen of the State of California, residing at 1606 South Atlantic Blvd, Apt A, Alhambra, CA 91803, and is a member of SSL TRANSPORTATION LLC.

8.      Defendant SSL TRANSPORTATION LLC is a citizen of the State of California, being incorporated under the laws of the State of California and with its principal place of business at 1606 South Atlantic Blvd, Apt A, Alhambra, CA 91803.

9.      Upon information and belief, Defendant *Linfeng Song* is *Yongze Song*'s son, is a citizen of the State of Washington, residing at 13654 NE 83rd CT, Redmond, Washington 98502.

10.     Upon information and belief, *Phuoc Van Tran* is a citizen of the State of Delaware, residing at 20644 Conrail Road, Bridgeville, Delaware 19933.

11.     *Longjian Jiang* was an agent and partner of Plaintiff from 2015 to 2019.  From 2015 to 2019, Longjian Jiang was a citizen of the State of New York, residing in this District. Upon information and belief, Longjian Jiang is a citizen of the State of New York, residing in the County of Queens, City and State of New York.

3

12.     *Jiguo Wu* was an agent and partner of Plaintiff from 2017 to 2019.  From 2017 to 2019, *Jiguo Wu* was a citizen of the State of New York, residing in this District.  Upon information and belief, Jiguo Wu is still a citizen of the State of New York but resides at 5621 Decatur Boulevard, Indianapolis, Indiana 46241.

13.     Upon information and belief, *Qiao Wen Wu* is a citizen of the State of California, residing  at 299 West Washington Ave, Apt 311, Sunnyvale, Santa Clara County, State of California 94086.

14.     Upon information and belief, *Zengbin Yao* is a citizen of the State of New York, residing at 744 45th Street, Brooklyn NY 11220.

15.     Upon information and belief, *Shumin Liu* is a citizen of the State of New York, residing  in the County of New York, City and State of New York.

16.     Upon information and belief, *Zhen Lei* is a citizen of the State of New York, residing in the County of Queens, City and State of New York.

17.     Upon information and belief, *Xinbin Tian* is a citizen of the State of New York, residing in  the County of Queens, City and State of New York.

18.     *Guizhen Wang* is a citizen of the State of California, residing at 299 West Washington Ave, Apt 311, Sunnyvale, Santa Clara County, State of California 94086.

19.     Upon information and belief, defendants sued herein under the fictitious names Doe Numbers 1 through 10 Inclusive are liable in whole or in part for the claims alleged herein. When Plaintiff discovers the names of said fictitious defendants and the facts concerning their liability for the claims alleged herein he will seek leave of court to add them as defendants under their true names.

## THE RICO ENTERPRISE

20.    Defendants were a group of individuals and a limited liability company associated in fact for the common purpose of carrying out the Enterprise ("Enterprise"), which was an ongoing criminal enterprise, within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c) and 1962(d).

21.    The Enterprise had (1) a purpose; (2) there were relationships among those associated with the enterprise; and (3) had a longevity sufficient to permit those associated in fact to pursue the Enterprise's purpose.

22.    Each of the Defendants participated directly or indirectly in the conduct of the Enterprise through a pattern of activities alleged herein, including but not limited to the operation or management of the Enterprise.

23.    The Enterprise was an association-in-fact where its members, the Defendants herein and others, functioned as a continuing unit over a substantial period of time to achieve the objects of the Enterprise. The principal objects of the Enterprise were: (1) to enrich themselves through depriving Plaintiff of property and profits, including but not limited to a $200,000 purchase and transport by sea and delivery to Delaware from the People's Republic of China of approximately 10,000 grape vine seedlings; and (2) to shield, camouflage and conceal their wrongful schemes from Plaintiff. The primary managers who operated the Enterprise were Defendants Yongze Song and Jiguo Wu, who, together with one or more of the other Defendants, operated it for their own benefit, the benefit of the Enterprise, and the benefit of the other Defendants. Defendants fraudulently concealed, and continue fraudulently to conceal, the true facts from Plaintiff, despite the due diligence efforts of Plaintiff to discover them. Defendant Song intended from the beginning to conceal facts from Plaintiff, and, from the beginning, did so. Defendants and others have obstructed and continue to obstruct Plaintiff s

ability to determine the true facts.

24.     The Enterprise engaged in, and the activities of the Enterprise affected, interstate and/or foreign commerce, through the importation by the Enterprise into the State of Delaware from the People's Republic of China of at least 10,000 grape vine seedlings for planting in the State of Delaware;  the transportation and sale of produce from farmland in Delaware to customers, including supermarkets, located in the State of New York; the transportation of money in the form of U.S. currency from the State of New York to destinations in other states of the United States and to China.

25.     Defendants associated with the Enterprise conducted and participated, directly, or indirectly, in the conduct of the affairs of the Enterprise through a pattern of racketeering activity, as alleged in the following paragraphs.

<u>PATTERN</u>

26.     Of the acts of racketeering activity alleged herein, the last occurred within ten years after the commission of the prior act of racketeering activity.

27.     Defendants committed at least two racketeering activities.

28.     The racketeering activities alleged herein are related in that they were committed somewhat closely in time to one another, involve the same victim, the same type of misconduct, the same or similar purposes, results, participants, victim, or methods of commission.

29.     The predicate acts occurred at different points in time and Defendants agreed to the overall objective of the conspiracy; and agreed to commit at least two predicate acts.

SCHEMES

30.     Defendants devised and intended to devise the schemes or artifices to defraud alleged herein and the schemes for obtaining money or property by means of false or fraudulent pretenses, representations, or promises alleged herein.

31.     Plaintiff, Defendants *Longjian Jiang*, *Zengbin Yao*, and *Jiguo Wu*, together with one or more of the other Defendants, conspired, individually and collectively, with Defendants *Yongze Song*, Phuoc Van Tran, and other of the Defendants to induce Plaintiff to make investments and/or loans in various farm projects to be developed in Delaware and China. The scheme to defraud Plaintiff was entered into within this District and implemented in the following manner:

(a) In 2015, Defendant *Zengbin Yao* introduced Defendant *Longjian Jiang* to Plaintiff. Then Defendants *Longjian Jiang* and *Yongze Song* introduced Defendant *Phuoc Van Tran* to Plaintiff for the purpose of obtaining financing for the development of various farm projects. At the time, Defendant *Phuoc Van Tran* owned two farms, one at 20644 Conrail Road, Bridgeville, Delaware 19933, and one at 19315 Walker Road, Bridgeville, Delaware 19933. Defendants *Longjian Jiang* and *Yongze Song*, together with one or more of the other Defendants, induced Plaintiff as an individual to sign two agreements with Defendant *Phuoc Van Tran* to lease the two farms. Specifically, on December 5, 2015, Defendant *Phuoc Van Tran* leased 19315 Walker Road, Bridgeville, Delaware 19933 to Plaintiff, *Longjian Jiang*, and *Yongze Song* as tenants. This first lease commenced on January 1, 2016 and ended on December 31, 2021. The rent was $10,000 for 2016 and $10,500 for the remaining years of the term. On January 1, 2017, Defendant *Phuoc Van Tran* leased 20644 Conrail Road, Bridgeville, Delaware 19933 to Plaintiff, *Longjian Jiang*, and *Yongze Song* as tenants. The term of this second lease commenced

7

on January 1, 2017 and ended on December 31, 2026.  The total annual lease payments were
$12,480.  Defendants *Yongze Song* and *Longjian Jiang* induced Plaintiff as one of the three
individuals to buy 20644 Conrail Road, Bridgeville, Delaware 19933.  On or before July 28,
Defendants *Yongze Song* and *Longjian Jiang* induced Plaintiff as an individual to buy 20644
Conrail Road, Bridgeville, Delaware 19933.  On or before July 28, 2017, Defendants *Yongze
Song*, and *Longjian Jiang* conspired with Defendant *Phuoc Van Tran* to inflate the sale price of
20644 Conrail Road, Bridgeville, Delaware 19933 from 1 million dollars to 2 million dollars and
induced Plaintiff to enter into a contract to purchase 20644 Conrail Road, Bridgeville, Delaware
19933 with Defendant *Phuoc Van Tran*. On August 15, 2017, Defendants *Yongze Song* induced
Plaintiff to sign a Power of Attorney in favor of Defendant *Yongze Song* to close the real estate
transaction.  At the time, Defendant *Phuoc Van Tran* knew that Defendant *Yongze
Song* was Plaintiff's  agent, knew that Defendant *Yongze Song* owed a fiduciary duty to Plaintiff,
and knew that the payment of secret profits and inflated sales proceeds to Defendant *Yongze
Song* would be improper and unlawful.  Nevertheless, Defendant *Phuoc Van Tran* agreed to
pay Defendant *Yongze Song* and/or his designee secret, undisclosed, inflated sales proceeds
if Defendants *Yongze Song* and/or *Longjian Jiang* succeeded in inducing Plaintiff to invest in the
farm projects at the inflated price.

      (b)      Defendant *Phuoc Van Tran* paid, as secret profits to Defendants *Yongze
Song* and *Longjian Jiang*, the sum of approximately three hundred thousand dollars. These
payments were made pursuant to a secret agreement between and among Defendants *Phuoc Van
Tran*, *Yongze Song* and/or *Longjian Jiang* to pay Defendants *Yongze Song, Longjian
Jiang* and/or their designee if Defendant *Yongze Song* induced Plaintiff to invest in the farm
lands.  Defendant *Phuoc Van Tran*, when receiving these payments, knew Defendant *Yongze

8

*Song* was Plaintiff's agent, knew Defendant *Yongze Song* owed a fiduciary obligation to Plaintiff, and knew that the payment of such amounts, as secret profits, was unauthorized, improper, and unlawful and would cause Defendants *Yongze Song* and *Longjian Jiang* to breach their fiduciary duty to Plaintiff.

32.    In engaging in such conduct, Defendants *Yongze Song*, *Longjian Jiang,* and *Phuoc Van Tran* did agree and conspire together and with others as yet unknown to devise and participate in a scheme and plan of deceit whereby they abused the position of trust and fiduciary relationship of Defendants *Yongze Song* and/or *Longjian Jiang* with Plaintiff. They abused the discretion granted by Plaintiff to Defendant *Yongze Song* and said Defendants conspired with Defendant *Yongze Song* and other of the Defendants to breach the obligation of undivided loyalty and fidelity and the duty to act honestly and faithfully in the best interests of Plaintiff and not for the self-interest of Defendants *Yongze Song* and *Longjian Jiang*. They used false and fraudulent pretenses calculated to deceive persons of ordinary prudence and due care, and misrepresented and concealed material facts and information important to Plaintiff in deciding whether to act in the conduct of his affairs all to unlawfully, intentionally, willfully and with intent to defraud, that is, knowingly and with specific intent to deceive, in order to generate financial gain to themselves, procure secret profits, and divert assets and profits belonging to Plaintiff to the use and benefit of themselves and other of the Defendants and to the detriment of Plaintiff.

33.    As part of their scheme to defraud Plaintiff, in 2021 and afterwards, Defendant *Yongze Song* directed Defendant *Jiguo Wu* to provide perjured testimony in proceedings before a Delaware court for the purpose of concealing the conspiracy and their wrongful acts.

34.     As part of their scheme to defraud Plaintiff, in 2017, Defendant *Longjian Jiang* directed Defendant *Jiguo Wu* to pay twenty thousand dollars to Defendant *Longjian Jiang* supposedly in payment for shares of ownership of the farm located at 19315 Walker Road, Bridgeville, Delaware 19933, but for the real and undisclosed purpose of concealing their conspiracy to defraud Plaintiff.

35.     As part of their scheme to defraud Plaintiff Defendant *Yongze Song* acting in concert with Defendants *Zengbin Yao*, *Longjian Jiang* and *Jiguo Wu*, together with one or more of the other Defendants, instituted a scheme of false expense reports.

36.     Between 2015 and December 2019, Defendants *Zengbin Yao*, *Yongze Song*, *Longjian Jiang*, and *Jiguo Wu*, together with one or more of the other Defendants, submitted false expense reports to Plaintiff, falsely claiming they had expended funds as legitimate business expenses when in fact they had not incurred legitimate business expenses or when they inflated the claimed expenses.

37.     For example, in 2016 and 2017, Defendants *Yongze Song* and *Longjian Jiang*, together with one or more of the other Defendants, misappropriated approximately one million dollars from Plaintiff by inflating expenses or fabricating nonexistent expenses of farm projects including but not limited to expenses of construction of greenhouses at 19315 Walker Road, Bridgeville, Delaware 19933, rent expenses, car purchase expenses, car insurance expenses, car repair expenses, salary expenses, mobile house expenses, crab-fishing boat expenses, tool expenses, and expenses of cars under their individual names.  By the end of 2018, they had misappropriated approximately one million two hundred thousand dollars of Plaintiff's funds for their personal benefit.

38.    For example, in 2017, Defendants *Yongze Song* and *Longjian Jiang*, together with one or more of the other Defendants, represented to Plaintiff that planting grape vines would be profitable and worthy of Plaintiff's investment, and that they were experts in import transactions from China. Defendants conspired to induce Plaintiff to pay approximately four hundred thousand dollars for this project including but not limited to set-up expenses and labor expenses in the amount of one hundred thousand dollars and the import expenses and purchase expenses from China of 10,000 grape vine seedlings to plant at 20644 Conrail Road, Bridgeville, Delaware 19933. In fact, said grape vine seedlings were wild grape vine seedlings, not suitable for farming and sale as domestic produce. The real price of these grape vine seedlings was much lower. Defendants *Yongze Song* and *Longjian Jiang*, together with one or more of the other Defendants, also conspired to induce Plaintiff to invest one hundred thousand dollars for fencing for this project.

39.    For example, Defendants *Song* and *Jiang* directed Defendant *Jiguo Wu* to misappropriate Plaintiff's funds for the personal benefit of Defendants. In 2019, Defendant Wu misappropriated thirty thousand dollars of Plaintiff's funds by, without authority and together with one or more other of the Defendants, using Plaintiff's money to order farm produce from wholesalers, transporting said produce in interstate commerce, selling the produce for their own account, and misappropriating the proceeds from the sale of said produce.

<u>RACKETEERING ACTIVITY</u>

40.    *Xian Dong Shi* reasonably relied, to his detriment, on the recommendations of Defendants *Zengbin Yao*, *Yongze Song*, and *Longjian Jiang*, together with one or more of the other Defendants, that he invest and/or make loans in various farms and, to the date of the filing of this complaint, has invested and/or loaned in excess of more than three million dollars in three

farms at the instance of Defendants.

41.     Defendants knowingly and intentionally engaged in the conduct, including the predicate RICO acts, alleged herein.

42.     At all relevant times, the Enterprise was engaged in interstate commerce in that the activities of the Enterprise caused money, products, supplies, materials, services and individuals, to be transported between and/or among the States of New York and Delaware and California and/or the People's Republic of China.

43.     At all relevant times and in furtherance of and for the purposes of executing the scheme and artifices to defraud and to obtain money by false pretenses, Defendants, on numerous occasions, used and caused to be used wire communications in interstate and foreign commerce, by both making and causing to be made wire communications, each such use of a wire communication in connection with the schemes and artifices to defraud and obtain money by means of false pretenses constituting a separate and distinct violation of 18 U.S.C. § 1343. A schedule of some, but not all, of the relevant wire communications is included as below.

   a.     On or about December 24, 2019, Defendant *Jiguo Wu*, together with one or more of the other Defendants, caused USD $20,000 to be wired to a designated Bank of China Limited bank account located in China owned by You Andi (Shangdong) Agricultural Technology Co., Ltd., a corporation organized and existing under the laws of China. U & D Trading Inc., a corporation organized and existing under the laws of the State of New York, owns 40% of the shares of You Andi (Shangdong) Agricultural Technology Co., Ltd; defendant *Jiguo Wu* owns 100% of U & D Trading Inc.

   b.     On or about December 26, 2019, defendant *Jiguo Wu*, together with one or more of the other Defendants,  caused USD $20,000 to be wired from a bank in the U.S. to a

designated Bank of China Limited bank account located in China owned by You Andi (Shangdong) Agricultural Technology Co., Ltd.

44.    At all relevant times and in furtherance and or concealment of the schemes and artifices to defraud and obtain money by means of false pretenses, Defendants, through the Enterprise, on numerous occasions, caused and induced persons to travel in interstate and foreign commerce and to transport or cause to be transported goods and money of the value of $5,000 or more, in interstate and foreign commerce, each such use of interstate or foreign commerce in the execution or concealment of the scheme or artifice to defraud constituting a separate and distinct violation of 18 U.S.C. § 2314.  Said acts include but are not limited to the following:

a.    As admitted in a declaration made under penalty of perjury by Defendant *Xinbin Tian*, on August 6, 2021, Defendants *Xinbin Tian* and *Jiguo Wu*, together with one or more of the other Defendants, drove a vehicle and transported stolen farm goods of the value of $5,000 or more from Delaware to Flushing, New York on the following dates: 11/3/2019,11/7/2019,11/11/2019,11/15/2019,11/19/2019,11/26/2019,12/11/2019,12/15/2019,12/17/2019,12/21/2019,12/23/2019,12/27/2019,12/31/2019,1/2/2020,1/6/2020,1/9/2020,1/13/2020,1/17/2020,1/21/2020,1/25/2020,1/27/2020,1/31/2020,2/3/2020,2/7/2020,2/11/2020,2/15/2020,2/18/2020,2/21/2020,2/26/2020,2/29/2020,3/2/2020,3/6/2020,3/11/2020,3/15/2020,3/17/2020,3/21/2020,3/23/2020,3/26/2020,3/31/2020,4/2/2020,4/5/2020,4/8/2020,4/9/2020,4/11/2020,4/12/2020,4/13/2020,4/14/2020,4/15/2020,4/16/2020,4/17/2020,4/18/2020,4/19/2020,4/20/2020,4/21/2020,4/22/2020,4/23/2020,4/24/2020,4/25/2020,4/26/2020,4/27/2020,4/28/2020,4/29/2020,4/30/2020,5/7/2020,5/8/2020,5/9/2020,5/10/2020,5/11/2020,5/12/2020,5/16/2020,5/14/2020,5/15/2020,5/16/2020.

b.    Defendants *Yongze Song* and/or *Lianhua Li* and/or *Linfeng Song* and/or *Jiguo Wu*, and/or *Longjian Jiang*, together with one or more of the other Defendants, drove a vehicle and transported stolen cash from Bridgeville, Delaware to Flushing, New York on the following dates and in the approximate following amounts:

Between 9/10 2015 to 10/8/2016     $6500.00
10/30/2015     $6773.00
11/3/2015     $15000.00
11/20/2015     $2121.00
12/3/2015     $2000.00
3/20/2016     $12000.00
4/21/20216     $14000.00
5/20/2016     $1000.00
8/22/2016     $10000.00
10/17/2016     $4000.00
4/13/2017     $2200.00
4/25/2017     $1050.00
6/19/2017     $495.00
5/17/2017     $1000.00
8/11/2017     $2000.00
8/28/2017     $500.00
10/4/2017     $1900.00
10/30/2017     $700
01/02/2018     $1360.00
10/28/2018-12/31/2018 to Flushing   $22,000
1/2/2019     $22,000.00
2/13/2019 and 2/15/2019 $9,000.00
6/12/2019     $3000.00
6/14/2019     $1000.00
11/13/2018     $1800.00
10/15/2018     $4000.00

c.    Defendants *Yongze Song* and/or *Lianhua Li* and/or *Linfeng Song* and/or *Jiguo Wu* and/or *Longjian Jiang*, together with one or more of the other Defendants, drove a vehicle and transported stolen cash from Maryland to Bridgeville, on the following dates and in the approximate following amounts:

3/16/2016     $5500.00
4/7/2016     $3200.00
6/22/2016     $10000.00

       d.      Defendants Yongze Song and/or Lianhua Li and/or Linfeng Song and/or Jiguo Wu and/or Longjian Jiang, together with one or more of the other Defendants, drove a vehicle and transported stolen cash from Flushing NY to Bridgeville DE on the following dates and in the approximate following amounts:

6/23/2016     $8000.00

       e.      Defendants Yongze Song and/or *Lianhua Li* and/or *Linfeng Song* and/or *Jiguo Wu* and/or *Longjian Jiang*, together with one or more of the other Defendants, drove a vehicle and transported stolen cash from Bridgeville, Delaware to Salisbury, Maryland on the following dates and in the approximate following amounts:

12/20/2016    $500.00
12/27/2016    $2000.00

       f.      Defendant *Yongze Song*, together with one or more of the other Defendants, drove a vehicle and transported stolen checks from Bridgeville, Delaware to Flushing, New York to deposit in a bank account number ending in 0055, on information and belief a bank account owned or controlled by Defendant *Yongze Song*, or one of the other Defendants, on the following dates and in the following approximate amounts:

4/2/2018      $20000.00
4/4/2018      $10000.00
4/4/2018      $5000.00
4/19/2018    $30000.00
3/18/2018    $10000.00
12/14/2017   $6000.00
2/12/2015    $3500.00
11/14/2017   $30000.00

     45.    Defendants, in violation of 18 U.S.C. § 1343, through the Enterprise, transmitted and/or caused to be transmitted by means of wire in interstate and foreign commerce, writings and money for the purpose of executing the scheme or artifice alleged herein, including but not

limited to this following:

a.  On or about January 16, 2016, Defendant *Lianhua Li* caused USD $7,000 to be wired from a bank account in China to a designated Bank of America bank account located in New York owned by Defendants *Yongze Song* and *Linfeng Song*;

b.  On or about February 19, 2016, Defendant *Lianhua Li* caused USD $9,500 to be wired from a bank account in China to a designated Bank of America bank account located in New York owned by Defendants *Yongze Song* and *Linfeng Song*;

c.  On or about March 24, 2016, Defendant *Lianhua Li* caused USD $4500 to be wired from a bank account in China to a designated Bank of America bank account located in New York owned by Defendants *Yongze Song* and *Linfeng Song*;

d.  On or about April 6, 2016, Defendant *Lianhua Li* caused USD $10,000 to be wired from a bank account in China to a designated Bank of America bank account located in New York owned by Defendants *Yongze Song* and *Linfeng Song*;

e.  On or about October 19, 2016, Defendant *Lianhua Li* caused USD $2,500 to be wired from a bank account in China to a designated Bank of America bank account located in New York owned by Defendants *Yongze Song* and *Linfeng Song*;

f.  On or about February 23, 2017, Defendant *Lianhua Li* caused USD $5,000 to be wired rom a bank account in China to a designated Bank of America bank account located in New York owned by Defendants *Yongze Song* and *Linfeng Song*;

g.  On or about August  28, 2017, Defendant *Lianhua Li* caused USD $69 to be wired from a bank account in China to a designated Bank of America bank account located in New York owned by Defendants *Yongze Song* and *Linfeng Song*.

46.     Upon information and belief, Defendant *Linhua Li* agreed with Defendant *Yongze Song* to deposit Plaintiff's funds in her account and to transfer the funds back to Defendant *Yongze Song* and *Linfeng Song*'s bank accounts in the United States and to wire some or all of these funds to other accounts designated by Defendant *Yongze Song*, which funds were then used by Defendants for various personal, unauthorized uses including setting up Defendant SSL Transportation LLC in California.

47.     Between approximately November 2015 and the present, Defendant *Lianhua Li* caused a total of USD $50,000 to be wired from a bank account in China to bank accounts owned by Defendants *Yongze Song* and/or *Linfeng Song*.

48.     Defendant *Yongze Song*, in concert with one or more of the Defendants, through the Enterprise, in violation of 18 U.S.C. § 1344, knowingly executed the foregoing transactions in furtherance of the schemes alleged herein by defrauding financial institutions having custody and control of Plaintiff's depositary accounts and causing said financial institutions to give up to Defendants money in their custody belonging to Plaintiff by means of false pretenses and representations, including but not limited to representing themselves as Plaintiff or as authorized agents of Plaintiff.

49.     Defendants, through the Enterprise , in violation of 18 U.S.C. § 1951, attempted to and conspired to obstruct and interfere, and did obstruct and interfere, with the movement of produce of the farms destined for transport to New York State for sale and in which Plaintiff had an interest by committing and threatening physical violence to take possession of said produce, all in furtherance of the schemes alleged herein.

50.     In violation of 18 U.S.C. § 1351, Defendants knowingly and with intent to defraud recruited, solicited, or hired, or caused other of the Defendants to recruit, solicit, or hire,

one or more persons outside the United States, in the People's Republic of China, to work on the farms in the State of Delaware in the United States by means of materially false or fraudulent pretenses, representations or promises regarding the hours, wages, and other terms of that employment.

51.    In an additional scheme to defraud, in conspiracy with Defendant *Zhen Lei* and one or more of the Defendants, on July 22, 2020, Defendant *Jiguo Wu* came to the farm at 19315 Walker Road, Bridgeville, Delaware 19933 and misappropriated produce of the farm by threatening physical violence to the workers on the farm.  On August 18, 2020, Defendant *Jiguo Wu* and two others came to Plaintiff's medical practice located at 41-60 Main Street, Flushing, NY 11355 and tried to take money from Plaintiff by means of violence or attack on Plaintiff, Plaintiff's wife, and Plaintiff's nephew.  Plaintiff's nephew suffered a head injury, was hospitalized, and continues to see doctors for his injuries.

52.    In an additional scheme to defraud, according to Defendant *Jiguo Wu*'s declaration under penalty of perjury filed in a Delaware federal court case, Defendant *Jiguo Wu* stated the farm located at 19315 Walker Road, Bridgeville, Delaware 19933 made $600,000 a year, which, if true, meant that Defendant *Jiguo Wu* pocketed the proceeds from the sale of produce without accounting for and reporting those sales and proceeds to Plaintiff. .

53.    At all relevant times, in connection with the activities giving rise to this claim for relief, Defendants *Yongze Song*, *Longjian Jiang, Jiguo Wu*, and *Phuoc Van Tran*, together with one or more other Defendants, conspired with each other and with others to engage in the various activities alleged herein and aided and abetted one another in such activities, all in violations of 18 U.S.C. § 1962(d).

## PATTERN

54.     Defendant(s) agreed to and did conduct and participate in the conduct of the Enterprise through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding Plaintiff.

55.     Pursuant to and in furtherance of their fraudulent schemes alleged above, Defendants committed multiple related acts as alleged above.

56.     The acts alleged above constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

## CONSPIRACY

57.     One or more of the Defendants knowingly agreed to facilitate the schemes alleged herein and which included operation or management of the Enterprise.

58.     In violation of 18 U.S.C. § 1962(d), there was an agreement by one or more of the Defendants to participate in an endeavor which, if completed, would constitute a violation of 18 U.S.C. § 1962(c).  To that end, one or more of the Defendants agreed to facilitate the operation of the Enterprise through the pattern of racketeering activity alleged herein; and one or more of the Defendants agreed that at least two of the predicate acts alleged herein would be committed. One or more of the Defendants committed acts in furtherance of the conspiracy which acts are alleged herein.

59.     Each of the acts of the Defendants alleged herein at least constituted an agreement that at least two of the alleged predicate acts would be committed, which states a claim for RICO conspiracy under 18 U.S.C. § 1962(d).

60.     Plaintiff was proximately injured by one or more overt acts in furtherance of the conspiracy, that is, Plaintiff was proximately injured by an act in violation of 18 U.S.C.

§ 1962(c).

61.     One or more of the Defendants are liable for the acts of their co-conspirators.

62.     As a direct and proximate result of Defendants' violations of 18 U.S.C. § 1962(c) and 1962(d), Plaintiff has been injured in his business and property

63.     The conduct of Defendants alleged herein had a pervasive and debilitating impact on Plaintiff's business affairs and efforts to participate successfully in investment opportunities in the various states of the United States.  Funds belonging to Plaintiff were diverted by Defendants without authority from other potentially profitable ventures and expended on the projects alleged herein.  Assets of Plaintiff were not only diverted into investments that served the interests of Defendants and the Enterprise  and not the interests of Plaintiff, but also deprived Plaintiff of alternative uses and opportunities of Plaintiff's own funds.  Additional services and assets of Plaintiff have had to be employed to keep the alleged projects profitable or to keep them from becoming unduly unprofitable.  As such, Plaintiff has been and is being not only directly injured in his business and property by having to pay more for his participation in these investment opportunities than he would have been required to pay in the absence of the wrongful acts of Defendants, and Plaintiff has also been and is distinctly being injured in his business of investing in various business opportunities.

64.     Because of Defendants' concealment of their conduct from Plaintiff, and the fact that injury proximately caused to Plaintiff is continuing to occur, Plaintiff has not yet discovered all of the injuries caused to his business and property by reason of the conduct of Defendants alleged herein.

## FIRST CLAIM FOR RELIEF
(Violation of 18 U.S.C. § 1962(c))

65.     Plaintiff incorporates the allegations of paragraphs 1 through 64.

66.    The Enterprise is an enterprise engaged in and whose activities affect interstate commerce.  Defendants are employed by or associated with the Enterprise.

67.    Defendants agreed to and did conduct and participate in the conduct of the Enterprise through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding Plaintiff.

68.    Pursuant to and in furtherance of their fraudulent scheme, Defendants committed multiple related acts of racketeering activity that form the basis of the RICO claims.

69.    The acts alleged herein constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

70.    Defendants have directly and indirectly conducted and participated in the conduct of the Enterprise's affairs through the pattern of racketeering and activity described above, in violation of 18 U.S.C. § 1962(c).

71.    Plaintiff was directly and distinctly injured by Defendants in his business and property in the amount of approximately 3 million dollars by reason of Defendants' violations of 18 U.S.C. § 1962(c).

72.    With respect to the farm projects, Defendants conspired, within the meaning of 18 U.S.C. § 1962(d) and did conduct or participate, directly or indirectly, in the conduct of the enterprise's affairs in a manner prohibited by 18 U.S.C. § 1962(c) through a pattern of activity alleged herein.

## SECOND CLAIM FOR RELIEF
(RICO Conspiracy, 18 U.S.C. § 1962(d))

73.    Plaintiff incorporates the allegations of paragraphs 1 through 72.

74.    Defendants are coconspirators who acted in concert with each other and others.

75.     As alleged herein, Defendants agreed and conspired to conduct and participate in the conduct of the affairs of the Enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).

76.     Defendants have intentionally conspired and agreed to directly and indirectly conduct and participate in the conduct of the affairs of the Enterprise through a pattern of racketeering activity.  Defendants knew that the predicate acts alleged herein were part of a pattern of racketeering activity and agreed to the commission of those acts to further the schemes described above.  That conduct constitutes a conspiracy to violate 18 U.S.C. § 1962(c) in violation of 18 U.S.C. § 1962(d).

77.     Plaintiff was directly and distinctly injured by Defendants in his business and property in the amount of approximately 3 million dollars by reason of Defendants' violations of 18 U.S.C. § 1962(d).

**THIRD CLAIM FOR RELIEF**
(Interference with Contractual Relationship against Phuoc Van Tran, Jiang, and Wu)

78.     Plaintiff  incorporates the allegations of paragraphs 1 through 77.

79.     After December 2015, Plaintiff had a valid shareholder agreement and agency agreement with Defendant *Yongze Song* in which Defendant *Yongze Song* served as Plaintiff's investment agent.  By reason of Defendant *Yongze Song*'s fiduciary relationship with Plaintiff,  Defendant *Yongze Song* owed Plaintiff the duty to make the fullest disclosure of all material facts that might affect Plaintiff's investment decisions, to use reasonable care, skill and diligence in the performance of Defendant *Yongze Song*'s advisory role, to avoid self-dealings and conflicts of interest, to exercise a high degree of honesty, loyalty, integrity and good faith, to not make any secret profits and to not compete with Plaintiff  in his business activities.

80.    Defendants *Phuoc Van Tran*, *Longjian Jiang* and *Jiguo Wu*, together with one or more of the other Defendants, had knowledge of Defendant *Yongze Song*'s service to Plaintiff as his investment agent, consultant and agent and of the fiduciary relationship between Plaintiff and Defendant *Yongze Song*.

81.    Defendants *Phuoc Van Tran*, *Longjian Jiang* and *Jiguo Wu,* together with one or more of the other Defendants, committed intentional and unjustified acts designed to interfere with and/or disrupt the agreement and fiduciary relationship between Plaintiff and Defendant *Yongze Song*, including but not limited to entering into secret agreements with Defendant *Yongze Song* in which Defendant *Yongze Song* would and did receive substantial secret profits by advising and inducing Plaintiff to invest in the farm lands.

82.    Defendants' intentional and unjustified acts actually interfered with and disrupted the agreement and fiduciary relationship between Plaintiff and Defendant *Yongze Song*.

83.    As a proximate result of Defendants' wrongful acts, Plaintiff has been damaged in an as yet undetermined amount.

**FOURTH CLAIM FOR RELIEF**
(Fraudulent Concealment)

84.    Plaintiffs incorporates the allegations of paragraphs 1 through 83.

85.    In engaging in the secret agreements with Defendants *Phuoc Van Tran*, *Yongze Song* and *Longjian Jiang*, Defendants *Yongze Song, Longjian Jiang,* and one or more of the other Defendants had a duty to disclose the fact of their secret agreements and payments of secret profits in that Defendants' nondisclosures were likely to mislead Plaintiff. Defendants actively concealed the undisclosed information; Defendants had sole knowledge and/or access to material facts and knew that these facts were not known to or reasonably discoverable by Plaintiff.

86.     Defendants breached their duties by suppressing material facts, including the fact that they entered into secret agreements with and made payments of secret profits to Defendants *Yongze Song* and *Longjiang Jiang*.  Defendants intentionally and knowingly concealed these facts with the intent to induce Plaintiff to invest in the farmlands.

87.     As a result of the advice and fraudulent concealment of Defendants Y*ongze Song* and *Longjian Jiang,* and Plaintiff's justifiable reliance thereon, Plaintiff  was induced to invest in the farmlands.

88.     As a proximate result of Defendants' fraudulent concealment and omissions of material facts, Plaintiff has been damaged in the sum of approximately three million dollars.

## FIFTH CLAIM FOR RELIEF
(Accounting)

89.     Plaintiff incorporates the allegations of paragraphs 1 through 88.

90.     Defendants *Yongze Song*, *Longjian Jiang, and Jiguo Wu*, together with one or more of the other Defendants, as a result of the fraudulent conduct alleged, made secret profits, which payments they were not entitled to. The amounts of such secret payments are at present unknown to Plaintiff.

91.     Plaintiff requests an accounting of all of the secret profits made by Defendants, and each of them, and payment with interest of the amount due as a result of the accounting.

## SIXTH CLAIM FOR RELIEF
(Unjust Enrichment)

92.     Plaintiff incorporates the allegations of paragraphs 1 through 91.

93.     By reason of the facts set forth herein, Defendants were unjustly enriched at the expense of Plaintiff.

94.    It is against equity and good conscience for Defendants to retain benefits that they have obtained at the expense of Plaintiff.

95.    Defendants should be required to return to Plaintiff the amounts by which they have been unjustly enriched at Plaintiff's expense.

### SEVENTH CLAIM FOR RELIEF
(Fraud and Misrepresentation)

96.    Plaintiff incorporates the allegations of paragraphs 1 through 95.

97.    Defendants made material misrepresentations of fact to Plaintiff including but not limited to Defendants' receipt of secretive kickbacks from the landlord and/or seller of the farms, the existence and amount of expenses needed for the farms, and/or the amount of proceeds obtained from the sale of produce from the farm.

98.    Defendants knew said misrepresentations were false and false when made.

99.    Defendants made the material misrepresentations of fact and material omissions intending that Plaintiff rely on them.

100.    Plaintiff justifiably relied on Defendants' misrepresentations to his detriment.

101.    As a direct and proximate consequence of the conduct of Defendants and each of them as alleged herein, Plaintiff has been injured, causing Plaintiff to suffer monetary damages in an amount of not less than $3,000,000.

102.    As a proximate result of Defendants' fraudulent conduct as alleged herein, Defendants are liable to Plaintiff for his pecuniary damages, together with costs and disbursements and reasonable attorneys' fees incurred by Plaintiff.

103.    Defendants' conduct as alleged herein was done in furtherance of their own private interests, and was willful, malicious, wanton, and oppressive, and done with conscious and callous indifference to the consequences and with specific intent to harm Plaintiff, entitling

25

Plaintiff to punitive damages.

## JURY DEMAND

104.     Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.     Monetary Relief

1.     For damages against Defendants, and each of them, jointly and severally, in an as yet undetermined amount, the amount duly trebled in accordance with 18 U.S.C. § 1964(c);

2.     For punitive damages on the state law claims in an amount to be determined at trial, against Defendants, and each of them, jointly and severally; and

3.     For the costs of suit, as well as attorney fees in accordance with 18 U.S.C. § 1964(c).

B.     Equitable Relief

1.     An accounting of all benefits, consideration and profits received and/or paid, directly or indirectly, including, but not limited to, the imposition of constructive trusts with tracing;

2.     The imposition and execution of equitable liens;

3.     Orders of divestiture or disgorgement of any interest, including real or personal property, money, or obligations or otherwise, wrongfully obtained, directly or indirectly, from Plaintiff; and

4.     Any restrictions that may be appropriate on the future conduct or activities of any Defendant.

C.    Other Relief

For such other damages, relief, and pre- and post-judgment interest as the Court may deem just and proper.

Dated: January 5, 2025                    Respectfully submitted,

                                          Liu & Shields LLP

                                          By: _s/ Carolyn Shields_

                                          Carolyn Shields
                                          Ying Liu
                                          Liu & Shields LLP
                                          41-60 Main Street, Suite 208A
                                          Flushing, NY 11355
                                          Tel:    718-463-1868
                                          Direct:  347-840-1600
                                          Attorneys for Xiandong Shi, Plaintiff